UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00373-MOC

| | | |
|---|---|---|
| SHANNON C. ERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Judgment on the Pleadings. After fully briefing such motion, the court heard oral arguments on March 12, 2014. Having carefully considered all of the arguments, the court will grant the motion and dismiss this action as well as defendant's contingent counterclaim.

**I.     Background**

This action concerns a negative credit report made by defendant to credit reporting agencies concerning plaintiff's late payment on a building lot loan.

The loan at issue matured on August 5, 2012. Prior to such loan becoming 30 days past due, defendant extended a loan modification offer to plaintiff on August 28, 2012, which he rejected based on a belief he was entitled to better terms. Complaint at ¶ 15. After rejecting such offer, plaintiff continued to negotiate with defendant and more than 60 days after such loan was due, plaintiff, believing he had an offer from defendant to settle the loan, sent defendant a check for 90% of the loan amount on or about October 9, 2012, by overnight mail.[1] The check was accompanied by a letter setting out what plaintiff believed to be the terms of the agreement.

---

[1]     Plaintiff argues in his responsive brief that he sent the check on October 4, 2012, while he alleged in his Complaint that he sent the check on October 9, 2012. See Complaint at ¶ 18. Exhibit A, the letter to defendant, is dated October 4, 2012, and the "official Check" is dated October 5, 2012. Id. at Exs. A and B.

1

Upon receiving the check, defendant endorsed and negotiated the check and reported to the credit agencies that plaintiff had paid his loan 30 and 60 days late.

In his Complaint, plaintiff asserted three causes of action: first, a claim under the *Fair Credit Reporting Act*, 15 U.S.C. § 1681s-2(b) (and arguably 2(a)); second, a cause of action for injunctive relief; and third, a cause of action for "accord and satisfaction." Defendant has moved for Judgment on the Pleadings as to claims one and three.[2] In responding to defendant's motion, plaintiff has apparently abandoned his § 1681s-2(b) claim in favor of a claim under § 1681s-2(a).

**II.     Standard for Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in his favor. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004); Atwater v. Nortel Networks, Inc., 394 F. Supp. 2d 730, 731 (M.D.N.C. 2005). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Bradley, 329 F. Supp. 2d at 622. The standard is similar to that used in ruling on a Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Continental Cleaning Serv. V. United Parcel Serv., Inc., 1999 WL 1939249, at *1 (M.D.N.C. April 13, 1999) (internal citations omitted).

In resolving a motion for judgment on the pleadings, the court may rely on

---

[2]     Defendant has also asserted a "contingent counterclaim" in its Answer.

admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice. Bradley, 329 F. Supp. 2d, at 622 (noting that the Court should consider documents attached to the pleadings); Hebert Abstract Co. v. Touchstone Prop., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (holding that court should consider pleadings and judicially noticed facts). Where an instrument is "integral to and explicitly relied upon in the complaint," the instrument itself should be considered along with the factual allegations of the complaint and answer. Colin v. Marconi Commerce Sys. Employees' Retirement Plan, 335 F. Supp. 2d 590, 596 (M.D.N.C. 2004) (insurance policy at issue).

### III. Discussion

#### A. Section 1681s-2(b) Claim

Defendant has moved for judgment on the pleadings as to plaintiff's § 1681s-2(b) claim. Plaintiff failed to address such motion in his Response (#17) and has, therefore, abandoned that cause of action. For the reasons discussed by defendant in its Supporting and Reply memoranda, the court will grant defendant's Motion for Judgment on the Pleadings as to plaintiff's § 1681s-2(b) claim.[3]

#### B. Section 1681s-2(a) Claim

In responding to defendant's motion, plaintiff argues that he has asserted a claim under §1681s-2(a). See Brief in Response (#17) at 5 ("In the Complaint, Plaintiff alleges a violation of both 1681s-2(a) and (b)."). Plaintiff correctly argues that such section provides that "[a] person

---

[3] The court finds that in order to allege a viable § 2(b) claim, a plaintiff must allege that he disputed a negative report with the credit reporting agency and that such agency notified the creditor of the dispute, as it is the creditor's receipt of such notice "that triggers Defendant's obligation to investigate." Taylor v. First Premier bank, 841 F.Supp.2d 931 (E.D.Va. 2012). Plaintiff's Complaint is devoid of any such allegation.

3

shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. 1681s-2(a). Plaintiff has not, however, asserted a cause of action under § 1681s-2(a) as that subsection does not provide a private cause of action. Beattie v. Nations Credit Financial Services Corp., 69 Fed. Appx. 585, 591 (4th Cir. 2003) (noting that "15 U.S.C. § 1681s-2(c) and (d) limit enforcement of subsection (a) to 'Federal agencies and officials and ... State officials.'"). Indeed, this court held -- well before this action was filed -- that no private right of action arises under the duties imposed by § 1681s-2(a). Ross v. Gordon & Weinberg, P.C., 2011 WL 3841549 at *5 (W.D.N.C. Aug. 30, 2011). The court will grant defendant's Motion for Judgment on the pleadings as to this claim.

### C. Claim for Accord and Satisfaction

Plaintiff has attempted to allege the common-law affirmative defense of "accord and satisfaction" as a cause of action. Plaintiff appears to argue that by negotiating his check for repayment of the loan, defendant was prohibited from reporting the loan as 30 and 60 days delinquent. Plaintiff contends that he can assert accord and satisfaction "as a cause of action to clarify the FCRA claims against Defendant." Response Brief (#17) at 5. Plaintiff offers no authority for this proposition and the court can find none that would support grafting a state affirmative defense onto a federal cause of action, which does not exist from the outset.

### D. Plaintiff's Second Cause of Action for Injunctive Relief

In his second cause of action, plaintiff seeks "injunctive relief." In relevant part, plaintiff contends that he "is entitled to an order requiring Wells Fargo to permanently remove the inaccurate credit information from his credit file and an order enjoining Wells Fargo from

representing to any third party the above false information including that Plaintiff has not paid the Loan on time and is now thirty and sixty days late."

First, there is no freestanding cause of action for "injunctive relief." Guttenberg v. Emory, ___ F.Supp.2d ___, 2014 WL 1989564, n5* (D.D.C. 2014); Berlinger v. Wells Fargo Bank, N.A., 2013 WL 4736828 (M.D.Fla. Sept. 3, 2013) ("A claim for injunctive relief is not a freestanding cause of action in its own right")(citation omitted); Walker v. Wells Fargo Bank, N.A., 2013 WL 3700066 (E.D.Mich. July 12, 2013). Rather, injunctive relief is, as the name suggests, relief which should be pled in the *ad damnum* clause as is any other form of relief. See Hawkins v. Hawkins, 101 N.C.App. 529, 532 (1991) (finding that punitive damages is a remedy that should be pled not as a cause of action, but as a form of relief).

Second, having abandoned his claim under §2(b) and being unable to assert a claim under § 2(a), plaintiff's second cause of action seeking injunctive relief as to inaccurate credit reporting is, with the dismissal of his other claims, not viable.[4]

### E. Counterclaim

In its brief, defendant states that its Contingent Counterclaim is waived and withdrawn if the Complaint was dismissed in its entirety. Supporting Brief (#15) at 7, n.3. As plaintiff's Complaint is dismissed in its entirety, the court will dismiss the counterclaim as waived and withdrawn.

**ORDER**

---

[4] Defendant noted in its moving brief that there was no basis for such cause of action for injunctive relief as its report of late payment was accurate. Plaintiff did not address the viability of his second cause of action in his responsive brief.

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Judgment on the Pleadings (#14) is GRANTED, and the Complaint and Contingent Counterclaim are DISMISSED for reasons provided herein.

The Clerk of Court shall enter Judgment dismissing this action in its entirety.

Signed: September 3, 2014

Max O. Cogburn Jr.
United States District Judge